[No. 7328. Decided June 22, 1908.]

WILLIAM DALE, *Appellant*, v. J. B. DURYEA, *Respondent*.[1]

USURY—CONTRACTS—CONSTRUCTION—REPAYING ADVANCEMENT. A contract is usurious on its face, where it recites that plaintiff advanced to the defendant $287.50 for a cash payment on stock purchased by defendant, and agreed to assume defendant's note for $200, in consideration of which the defendant agreed to sell the stock and repay the plaintiff $650 within six months; and it is immaterial that plaintiff claims it was an agreement to divide the profits on the stock, when in fact the stock became worthless and was not sold.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered November 29, 1907, upon findings in favor of the defendant, dismissing an action on contract, after a trial before the court without a jury. Affirmed.

*W. G. Heinly* (*Charles Bedford*, of counsel), for appellant.
*Ellis, Fletcher & Evans*, for respondent.

MOUNT, J.—This action was brought by the appellant to recover a balance of $570.70, alleged to be due upon the following contract:

"Tacoma, Washington, May 5, 1904.
"I, J. B. Duryea, having purchased thirteen hundred shares of the capital stock of the West Coast Veneer & Manufacturing Company, of S. A. Easterday, for a consideration of two hundred eighty-seven and 50-100 dollars ($287.50) cash, to be paid him this day, and the assumption by me of one certain note of two hundred dollars ($200) *given by said Easterday* to William Dale, hereby give and bind myself unto said William Dale that, if he will hold said thirteen hundred shares of stock for me, and advance said cash payment of $287.50 and will extend said note until October 1st, 1904, I will on or by that time find a purchaser for said stock and will pay to him the sum of six hundred and fifty dollars ($650), and, upon such payment, he is to return to me the aforesaid thirteen hundred shares of stock.
"(Signed)         ·        J. B. Duryea."

[1]Reported in 96 Pac. 223.

It was alleged that a payment of $79.30 had been made upon the contract. The respondent admitted making the contract and the payment, but alleged that the same was usurious and that nothing was due thereon. At the trial the court found, "that the transaction was one of a loan, and that the agreement sued upon evidencing the transaction provided for a usurious rate of interest, and that the interest paid and accrued calculated at the rate specified in said agreement would, at the date of the bringing of the action, to wit, April 24, 1906, be equal to more than the loan;" and for that reason dismissed the action. The plaintiff appeals.

The contract appears usurious upon its face. The appellant loaned the respondent $287.50, and agreed to substitute respondent on a note for $200, for which the respondent agreed to repay $650 within six months. This transaction was clearly usurious. The appellant's contention is that he furnished the money to respondent to buy the thirteen hundred shares of stock mentioned, and that the stock was to be sold by respondent and the profits divided between them. This, of course, is not the contract sued upon, and even if this contention were supported by the evidence, it is difficult to see how the appellant can claim more than the note assumed and money advanced to the respondent, because it is conceded that the stock was not sold but became worthless.

We are satisfied that the trial court correctly found the facts, and the judgment must therefore be affirmed.

HADLEY, C. J., ROOT, FULLERTON, RUDKIN, CROW, and DUNBAR, JJ., concur.